Good morning, Your Honors. May it please the Court. My name is Michael Cheater. I'm here on behalf of plaintiff appellant David Maddox. A prisoner's most important liberty interest is to be free from excessive force from the guards who control nearly every aspect of their life. An incarcerated individual cannot protect his right to the same degree or in the same manner as those of us outside prison walls. Cannot vote. Cannot protest. Cannot peaceably assemble. Cannot editorialize. Indeed, the only concrete mechanism for a prisoner to enforce that guarantee is through access to the courts. And through his lawsuit against Officer Battle, Mr. Maddox sought to vindicate his 14th Amendment rights to be free from unreasonable force. He did so without an attorney. He did so without any legal training, without even a high school diploma. He did it without any real assistance, without any source of funds to pay for the legal fees and subpoena fees. And in part, that's because the State restricts his ability to work and the pay that he receives. He did it without any ability to investigate or to pose witnesses. And he did it in an environment that is hostile to his claims, in which the key witnesses are the very guards who serve over him and who – and the witnesses were fellow prisoners who are also under the guards' authority. Let's take the issues that have been raised in the case. What about the jury instruction with respect to excessive force? The jury instruction – the Court made two mistakes with regard to the jury instruction. First of all, what's the standard error review? The standard review is de novo. It's certainly de novo in part because – Wait a minute. Wait a minute. Why isn't that plain error? Did your client preserve this issue? Yes. He preserved it in a number of ways. First of all, he – it's not waived in part because the chronology of events did not permit Mr. Maddox to object to the instruction. The Court determined it was not going to give the instruction that it then did, and it made a mistake when it gave it. It just tacked it on to the end, and it's clear from the record that it was a mistake by the Court when it gave it. So the chronology didn't allow Mr. Maddox to object. Second, the lower courts told – the lower courts told the parties that once the Court made a determination that they were not to argue with it. In fact, the Court said, and I quote, If I rule incorrectly, you'll have your remedies, and that is to take it up to the Ninth Circuit. But we will not argue back and forth over things. And to Mr. Maddox, a pro se litigant, a prisoner who had been advised and admonished not to argue with the Court, he made – he didn't have an opportunity then once the Court gave the instruction to object. Additionally, I would argue that the Court – And did perhaps the judge preserve the issue? I do think that's exactly where I was going. I think that the Court constructively preserved it for Mr. Maddox, in part because during the course of the trial, the Court had objected on Mr. Maddox's behalf. And in that way, the Court had acted as an advisor in an advisory capacity to Mr. Maddox with regards to when he should object. And by not telling Mr. Maddox that it was appropriate to object to that point, he certainly didn't know that he was allowed to. Well, even if it is on de novo, what about Hudson? I think that both Hudson and Wilkins make very clear that the correct judicial inquiry in an excessive force claim is to the degree of force. The language is that the question is whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. And the Court in Hudson and Wilkins made clear that the inquiry, while one factor is the extent of the injury, what the instruction that the Court gave the jury ended up doing was conflating the two issues together. In essence, what the Court said to the jury was, your job is to determine whether or not there was excessive force. One element of that is harm. To determine whether there is harm, you determine the amount of force. That's circular. It left the jury confused. There's evidence of the confusion by the fact that when the jury returned its verdict forms, it should have ended if it determined that there was not excessive force after question one. But it answered question two. And question three about harm, it didn't stop when the verdict form instructed it to because they thought it was all commingled together. And it's impossible then to determine what the – how the jury was confused. And in part for that reason, there's enough error here for the Court to remand, even probably under plain error, but I don't think that that's the appropriate standard. I mean, it seems to me that the judge was right the first time. I'm not going to give this instruction. But it doesn't mean he was wrong in giving it. So my question on that is, it seems not every push and shove is a constitutional violation. Taken on its face, that's actually an accurate statement, correct? That is an accurate statement. It's the preceding language that says when considering the element of harm, you are to consider whether or not this is de minimis force. And it's error for a second reason, or the reason the Court was correct in its initial determination not to give the instruction is that the model instructions do not include a de minimis language in them, because that would have been settled at the summary judgment stage. Courts have repeatedly and consistently rejected claims, dismissed claims by plaintiffs if they find that there's de minimis force. That doesn't reach the jury. So once this was going to the jury, there was already the standard that had been met by Mr. Maddox in some sense. This is not de minimis force. Refresh me. Did the State make a summary judgment motion? Yes, it did. It did so. And in fact, most of the original defendants that Mr. Maddox sued were dismissed. Only the one against Officer Vattle remained. But it's hard to think that or to say that the force, the de minimis instruction would be not given even in a case where it survives summary judgment. You can have a genuine issue of material fact, and the de minimis force is simply a statement of law. You could, but then if you compound the instruction with the fact that Mr. Maddox had been told that this de minimis force instruction was not going to be given, then he was told to give a closing argument in which he didn't get a chance to then talk about the de minimis force, and then the instruction was given, that compounds the error so that it is something that creates this legal uncertainty as to what the jury was thinking, what Mr. Maddox's right then was, and how the process evolved for Mr. Maddox in this trial. And in that regard, if it's all right, I'd like to at least move to the 1915 counsel claims, because I think that in many ways the error by the Court is magnified by the absence of counsel in this case. Six times Mr. Maddox requested the trial court appoint counsel. And under section 1915e, the Court can request an attorney to represent any person unable to afford counsel under exceptional circumstances. The Court erred in denying Mr. Maddox the right to have appointed counsel for two reasons. One, the exceptional circumstances exist in this case, and it's an abuse of discretion for the Court not to have appointed counsel. But second, it's an abuse of discretion because the Court did not articulate the reasons why it did not appoint counsel. It did not respond to the requirements that the statute demands. To determine whether or not exceptional circumstances exist in the case, the Court is supposed to consider the likelihood of success on the merits and then the ability of the Petitioner to articulate his claims pro se given the complexity of the legal issues. And the standard of review on this issue? Is abuse of discretion. But the Court has held it's an abuse of discretion not to articulate your reasons, and never did the Court address the merits of the claim. And the first thing. Ginsburg. It's not, you know, in a lot of cases the district court recites the standard and then we presume that embedded in the standard are any of the elements. And here the last two denials noted that there, this was not an exceptional case. Are you saying that that's too de minimis, that you need more than that? There's a lot of de minimis in the case, and this is one of them. The Court reciting the standard is not sufficient. It said the reason why this is not exceptional is because of the. And then what is your best authority for that proposition? For the proposition that this is, that the standard is not. And stating that these, this was not an exceptional case and therefore did not merit counsel. Solis v. City of Los Angeles is my, City of Los Angeles is one case. I can, on, I'd like to reserve at least a minute of my time, so I'll stop in a moment and I'll get you the case there. But I would say that there are a number of instances where the Court has said you're not able to just satisfy the requirement. It doesn't give the Court adequate standard of review, ability to review the decision if you don't state your reasons. And the Court said it's not an exceptional case because I see cases like this daily. Well, the facts were undisputed, pretty much. The facts were undisputed about Mr. Maddox's ability or? No, no, no. I'm talking about the underlying. In other words, everybody agreed that he was pepper sprayed in the face. Everybody agreed as to the harm. The only question, he said he was pepper sprayed for no reason, and the officer said, yeah, I had a reason. Isn't that it? It's a swearing contest, and it's a 1983 swearing contest where you need counsel to help investigate, to pose witnesses, and especially in the context of. But that's almost every prison case. It might be almost. You've got the inmate and then possibly some third parties, and most of them do kind of fall down to be a swearing case. And that's what the judge was basically saying. This is, in his view, a garden of variety. But the exceptional is not about the exceptionality of the case, but the circumstances. And the circumstances include incorporating into it the ability of the defendant or, excuse me, the plaintiff to articulate the claim. So it's not enough to just say I see cases like this. You need to look to the education level, the mental infirmity, the mental health issues, the physical infirmities, the inability to understand legal terms. The Court does not address that at all in any of its orders and doesn't talk about the success and the merits. I have so little time, I'll reserve the rest of my time for you all. Thank you very much, counsel. Thank you. We'll hear from the State. May it please the Court, Deputy Attorney General Neha Winn for Officer Battle. Before I discuss the instruction at issue, I do want to talk about the standard of review. I do want to highlight that Mr. Maddox did get an opportunity to object. He could have objected when the defendant proposed the instruction two weeks before trial as proposed instruction number 11. He could have objected when the district court asked Mr. Maddox for his, quote, unquote, gut reaction to the instruction. That's at ER 132. He could have objected when the court later gave the instruction as required by Rule 51. And at the end of trial, the court told Mr. Maddox that if you have any issue with the trial proceeding, to file a post-trial motion. Mr. Maddox did not. And for those reasons, plain error applies. It's a little bit of an odd circumstance, though, when a judge says, I'm not going to give this instruction. And you go through closing arguments, and then he gives the instruction. And at the onset, the plaintiff says, well, I don't think the instruction should be given. The colloquy between defense counsel and the district court concerns whether the instruction applies in this particular case. And so now that we're on appeal, now we look at the nature of the challenge. My friend here is not saying that, you know, he's not arguing for an abusive discretion review. He's arguing for de noble. So what he's arguing is that this instruction plainly or just misstated the law. And that wasn't the debate below. It wasn't whether it misstated the law, because it came from Hudson and Wilkins. So it is a correct instruction of law. The issue below was whether, you know, I should give the instruction. And under the case law, a party is entitled to jury instructions that support his or her theory of the case. So it's a judgment call. But I want to emphasize on appeal that he doesn't make that kind of challenge on appeal. Kennedy. Well, it may not make any difference which standard of review you apply if the instruction is proper. Correct. That is correct. But before you go there, is there's kind of an implied suggestion that the judge, having told the defendant that he was not going to give the instruction and then in itself reversible error? No, because that's just – I mean, I think judges change their minds all the time at trial. It just depends on the evidence. No, but a judge can't inject a new theory of the case after settling instructions by giving the instruction later. I mean, that's certainly, if properly objected to, would violate notice due process. Now, the question is to what degree, of course, this instruction mattered, which is one for us. But I have to take issue with your suggestion that the judge can change his or her mind after settling instructions and argument and give a totally new instruction at the – after closing argument. Well, the fact that it was – If you were trying the case and that happened to you, you'd be jumping up and objecting violently if you heard it. True. But that highlights – But that's because you're a lawyer and he didn't have one. True. But the court bent the word backwards to make sure that Mr. Maddox had a fair trial. And the point is that he was able to air out his claim before a jury. He made some pretty forceful arguments why he did not make a sudden move. He claimed that, you know, he was mobility impaired and therefore could not have reached for his cane. All this really goes to really harmless error as well. The fact that it was given after closing arguments really precluded defense counsel from even bringing it up. And the jury wasn't confused and wasn't instructed to reject Mr. Maddox's claim simply because his injury was de minimis. When we're looking at a particular instruction, we can't look at it in isolation. The case law holds that you have to look at it as a whole. Let me ask you that. Go ahead. Okay. The trial judge said when he looked at the instruction the first time around, he was focusing on not the shoving but on the pepper spray. And said, well, that's something more than de minimis. And I don't even think this really applies here. You know, while it might be an accurate statement of the law in the abstract, the question is, was it error in this case? Well, I think that's why, because it was a closed call, it's the kind of question that you want a fact finder to resolve. And so there may be circumstances where use of pepper spray is de minimis, actually less forceful than physical confrontation or physical force. Especially if it's used in small quantity and the inmate is given immediate access to water. And that's what happened in this case. Well, he was sprayed in the face and it took him several hours in the hospital to recover. True. Well, it's just standard procedure. Whenever pepper spray is used, then you escort the inmate to medical to decontaminate. The fact that her partner was also pepper sprayed highlights the fact that it can be arguably de minimis under the circumstances. What's your best case for that? Well, it would just be straight from Hudson and Wilkins, that there are certain circumstances that, you know, this might be a push or shove. And that's what Officer Battles' theory of the case was, that this was akin to a push or shove, given that, you know, we have an altercation. There were 75 unrestrained inmates on the day room floor. Mr. Maddox admitted that he ignored orders to, quote, unquote, shut up. He argued with the officers, trying to downplay the significance of the altercation that had happened moments before. And so when he made a sudden move, he was pepper sprayed and was given immediate access to water for the next two days. So I think under those circumstances, a jury can find that, you know, this is the kind of situation where it's just too trivial to implicate the Eighth Amendment. But in the end – Let me ask you this. Don't you think it's likely that the judge just accidentally gave the instruction without any thought? I mean, that's possible. But I really think that – Well, here's what he says. He gives the – he says he's not going to give the instruction. That's correct. And then the closing arguments, the case goes to the jury, and he says, I think I determined that I was not going to give the de minimis force instruction. I don't – as I sit here now, I don't recall. But I think either way, the jury will sort it out, blah, blah, blah. I mean, so it looks to me as though he decided not to give it. It accidentally got put in the instructions, and he gave it. Is that the most likely scenario? I really think maybe he was influenced by a closing argument of counsel or even Mr. Maddox's closing argument that he just heard. It appears that, like you mentioned earlier, the evidence is really undisputed. Everyone agrees there was an altercation. Everyone agrees that Mr. Maddox was involved in that. And everyone agrees that Mr. Maddox refused to comply with orders. The central dispute is whether he made that sudden move. Could – would you just remind me, in this case, were the parties given a final set of the written instructions? I think so. I remember the – You mentioned that they had two weeks' notice on the first release of the instructions. Is that correct?  So in the pretrial order, the court talked about giving his standard jury instructions in a case like this. And then in that same order, it says that the parties may submit their own instructions. And that's what Officer Battle did. Then I think at the beginning, the judge talked about jury instructions and then gave it to the party to look at it at night. And in the morning, they talked about jury instructions again. Then they talked about jury instructions after closing arguments. My question is a more precise one, because often, you know, in the trial court, you get the court's final version handed out to the parties so you can look at it one last time. Was that done here? I believe so. I don't have the exact excerpts, but I do know that the judge said that, okay, I'm going to let you – I'm going to give you the instruction. I hope you don't object the next day. So I'm assuming that the judge gave the instructions to both parties. So at least he had one-day notice. Correct. But he had notice of the instruction beforehand when the defendant submitted it two weeks before. Right. And the judge rejected it. That's the problem. I see my time is almost coming up. I do want to make just – I can also address – What about the appointment of counsel issue? Okay. Well, the appointment of counsel issue, I think, you know, this is governed really by Palmer and Wilburn case. I mean, cases – this is, like I mentioned earlier, this is a straightforward dispute, and the only dispute really being that whether Maddox made a sudden move. So the district court saw cases like this on the daily basis. Your opposing counsel suggests that this was an extraordinary circumstance, and notwithstanding the fact that the judge said it was not, that's not enough. If this is extraordinary, then virtually every prisoner case warrants appointment of counsel. That would really gut the extraordinary circumstance test. Well, it doesn't – as counsel pointed out, it does relate to the individual prisoner as well, not just to the nature of the case. So there was nothing here that says, well, we happen to have a disabled prisoner and he can't – but still he can represent himself. Correct. And the test is that, like, you look at the likelihood of success on the merits and the ability – the inmate's ability to articulate his claims in light of the And the district court had a firsthand account of what Mr. Maddox did up until trial and at trial. And as the record reflects, the trial court even complimented him, just like what happened in Palmer. And I – and frankly, I think Mr. Maddox did a pretty good job. He made some pretty forceful arguments in closing. The jury just simply didn't believe him. Thank you. Thank you, counsel. Your time has expired. Thank you. Professor Teeter, you have some reserved time. We have very little reserved time. So, Judge McKeon, I promised you a case. My best case is 30.64 acres of land in the Ninth Circuit. There are others as well from the other circuits. I like the title of it. Thank you. Yeah. I couldn't remember the amount of acres, so I had to go back and refer. I see my time is up. So am I free for any questions? May I ask one question? One. Why – assuming there's instructional error here, why isn't the error harmless? The error is – if there is instructional error under the Ninth Circuit, the burden calls on Officer Battle to demonstrate that it is not harmless. And I think the jury verdict alone is enough – the forum is enough to demonstrate that there was confusion for the jury and that Officer Battle can't meet her burden of therefore demonstrating that the error was harmless. Thank you. Thank you, counsel. Before submitting the case, the Court would like to thank Professor Teeter and the students at the University of Utah Law School for taking on this assignment pro bono. We appreciate it very much. The case just argued will be submitted for decision.
judges: O'scannlain, Thomas, McKeown